## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re:<br><br>COPAN SYSTEMS, INC.,<br>EIN: 47-0854251<br>    Debtor.<br><br>SILICON VALLEY BANK<br>    Movant,<br><br>v.<br><br>COPAN SYSTEMS, INC. AND<br>JOLI A. LOFSTEDT, CHAPTER 7 TRUSTEE<br>    Respondents. | Case No. 10-14192 MER<br><br>Chapter 7 |

### MOTION FOR RELIEF FROM THE AUTOMATIC STAY

Silicon Valley Bank, as agent for itself and for Gold Hill Venture Lending 03, LP, (collectively, the "Lender"), by and through its counsel, Bieging Shapiro & Burrus LLP, pursuant to 11 U.S.C. § 362(d) and Fed. R. Bankr. P. 4001, hereby moves for entry of an order granting Lender relief from the automatic stay to exercise its secured creditor rights with respect to the Collateral (defined below) securing Lender's loan to Debtor Copan Systems, Inc. (the "Debtor") and continue with the Liquidation Process (defined below).

In support hereof, Lender states the following:

### I. INTRODUCTION

1. On March 2, 2010 (the "Petition Date"), Debtor filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code. Thereafter, Joli A. Lofstedt was appointed the Chapter 7 Bankruptcy Trustee.

2. Debtor is a corporation and thus not protected by the Soldiers' and Sailors' Civil Relief Act of 1940.

3. This Court has jurisdiction over this matter 28 U.S.C. §§ 157 and 1334. This is a core proceeding 28 U.S.C. § 157(b)(2)(G). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4. Lender is a secured creditor of Debtor by virtue of a loan Lender made to Debtor on March 15, 2007.

124295

5. By this Motion, Lender seeks relief from the automatic stay in order to allow Lender to: (a) enforce its liens against the Collateral (defined below) as provided in the underlying loan documents and applicable law and equity; (b) apply any proceeds from the disposition of the Collateral to amounts owed to Lender; and (c) modify the fourteen day stay imposed by Fed. R. Bankr. P. 4001(a)(3) to allow the relief granted to become effective immediately upon the entry of an order approving this Motion.

6. This relief is being sought on the grounds that neither Debtor nor this estate have equity in the Collateral and there is no plan for reorganization as this is a Chapter 7 bankruptcy.

## II. THE LOAN DOCUMENTS AND PREPETITION COLLECTION ACTIVITIES

7. On or about March 15, 2007, Debtor entered into a Loan and Security Agreement, as amended, (collectively, the "Loan and Security Agreement") with Lender. A copy of the Loan and Security Agreement is attached hereto as **Exhibit A**.

8. The Loan and Security Agreement together with all other documents, instruments and writings which relate to the Loan and Security Agreement are collectively referred to as the "Loan Documents."

9. As security for the Loan Documents, Borrower granted to Plaintiff a first priority security interest in all or substantially all of Borrower's assets, and proceeds thereof, (the "Collateral"), including without limitation the following:

> All goods, Accounts (including health-care receivables), Equipment, Inventory, contract rights or rights to payment of money, leases license agreements, franchise agreements, General Intangibles, commercial tort claims, documents, instruments (including any promissory notes); chattel paper (whether tangible or electronic), cash, deposit accounts, fixtures, letters of credit rights (whether or not the letter of credit is evidenced by a writing), securities, and all other investment property supporting obligations, and financial assets, whether now owned or hereafter acquired and wherever located; and all Borrower's Books relating to the foregoing, and any and all claims, rights and interests in any of the above and all substitution for, additions, attachments, accessories, accessions and improvements to and replacements, products, proceeds and insurance proceeds of any or all of the foregoing[.]

*See* **Exhibit A**, § 4.1.

10. Lender's security interest in the Collateral is perfected by a UCC-1 Financing Statement filed on March 27, 2007 against Debtor, under File No. 2007 1147502 in the Office of the Delaware Secretary of State, as amended, (collectively, the "Lender's UCC"). A copy of the Lender's UCC is attached hereto as **Exhibit B**.

11. On February 9, 2009, Debtor, Westbury Investments Partners SBIC, LP ("Westbury") and purchasers party entered into a Note Purchase and Security Agreement, which was secured by a second lien in the assets and property of Debtor. On February 9, 2009, Westbury executed a Subordination Agreement, attached as **Exhibit C**, pursuant to which

Westbury subordinated its lien on any property of Debtor to the lien of Lender, for the benefit of Lender. *See*, **Exhibit C**, § 1.

12. Prior to the petition date in the case, Debtor was, and continues to be, in default of its obligations under the Loan Documents for, among other defaults, failure to make payments under the Loan Documents according to their terms.

13. Pursuant to the Loan Documents:

[Lender] may enter the premises where the Collateral is located, take and maintain possession of any part of the Collateral[.] [Debtor] grants [Lender] a license to enter and occupy the premises, without charge, to exercise any of [Lender's rights or remedies].

*See* **Exhibit A**, § 9.1(d).

14. Accordingly, pursuant to the provisions of the Loan Documents, Lender has a first priority security interest in the Collateral.

15. Prior to the Petition Date, Debtor cooperated with Lender in the turnover of part of the Collateral.

16. On February 10, 2010, Lender issued a Notification of Disposition of Collateral Private UCC Sale, attached as **Exhibit D**, pursuant to which Lender notified all interested parties of its intention to sell, license and/or lease part of the Collateral (the "UCC Sale").

17. Prior to the Petition Date, along with the UCC Sale, Lender was in the process of collecting and liquidating the remaining Collateral and any proceeds thereof and applying such proceeds to the amounts owed to Lender (the "Liquidation Process").

18. The Liquidation Process was stayed upon the filing of the Debtor's Chapter 7 bankruptcy.

### III. ARGUMENT

19. The statutory predicate for granting relief from the automatic stay is 11 U.S.C. § 362(d). Section 362(d)((2) provides:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

. . .

(2) with respect to a stay of an act against property under subsection (a) of this section, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization.

11 U.S.C. §§ 362(d)(1) and (2).

20. In this case, modifying the automatic stay is justified under Section 362(d)(2).

21. To determine whether Debtor has equity in the Property, the amount of debt and the value of the Property have to be considered.

22. In determining the amount of debt, all liens against the property must be considered for purposes of 11 U.S.C. § 362(d)(2)(A). *In re Steffans*, 275 B.R. at 577. As of the petition date, over $3,300,000.00 was outstanding on Lender's Loan Documents. There is also a second priority lien on part of the Collateral for the benefit of Westbury.

23. In addition, there remain amounts owing on the Westbury Note. *See* Schedule F.

24. To Lender's knowledge, information and belief, the only assets remaining consist of accounts and similar financial intangibles and proceeds thereof and contracts. To date, Lender has received approximately $170,000.00 in receipts from the Collateral post-petition and Lender is informed that Trustee has received approximate $5,000 in post-petition receipts on account of the Collateral.

25. Lender does not believe there are significant addition amounts to be collected or received on account of the liquidation of the Collateral and certainly no amounts will be realized from the Collateral hereafter to satisfy Lender's claim in full.

26. As a result, there is no equity in the Collateral.

27. Further, the Collateral is not necessary to an effective reorganization. In this case, Debtor has filed for a Chapter 7 bankruptcy; thus, no reorganization is contemplated.

28. Accordingly, relief from the stay is also appropriate under Section 362(d)(2).

WHEREFORE, Lender prays that this Court issue an Order granting relief from the stay as to permit Lender to:

A. Allow Lender to enforce its lien against the remaining Collateral as provided in the Loan Documents and applicable law and equity;

B. Allow Lender to continue with the Liquidation Process and apply any proceeds of the Collateral therefrom to amounts owed to Lender, including the amounts held by Trustee;

C. Modify the ten day stay imposed by Fed. R. Bankr. P. 4001(a)(3) to allow the relief granted to become effective immediately upon the entry of an order approving this Motion; and

D. For such further relief as the Court deems appropriate.

Dated this 7th day of June, 2010.

BIEGING SHAPIRO & BURRUS LLP

By: /s/ *Duncan E. Barber*
Duncan E. Barber, #16768
4582 S. Ulster Street Pkwy, Suite 1650
Denver, CO 80237
Tel: (720) 488-0220
Fax: (720) 488-7711
E-mail: dbarber@bsblawyers.com

Attorneys for Lender