# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: | Case No. 10-14192 MER |
| COPAN SYSTEMS, INC., <br> EIN: 47-0854251 | Chapter 7 |
| Debtor. | |

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

Movants Amish Jani, Alan Freudenstein, and Jim Schubauer ("Movants"), former Directors of Debtor, by and through their undersigned counsel, respectfully move this Honorable Court pursuant to 11 U.S.C. § 362(d) and Fed. R. Bank. P. 4001 for an order granting Movants relief from the automatic stay to permit them to collect defense costs solely from the proceeds of Debtor's insurance policy with Chubb & Son. In support of this Motion, Movants state as follows:

I.     **INTRODUCTION**

1. On March 2, 2010 (the "Petition Date"), Debtor filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code. Thereafter, Joli A. Lofstedt was appointed the Chapter 7 Bankruptcy Trustee.

2. On May 18, 2010, David H. Dew, a former employee of Debtor, filed a Complaint in the Norfolk Superior Court for the Commonwealth of Massachusetts (the "Claims"). This Complaint sought to hold Movants Amish Jani, Alan Freudenstein, and James

Schubauer personally liable for payment of wages allegedly due to Dew based on their status as board members of Debtor. Attached hereto as <u>Exhibit A</u> is a copy of the Complaint.

3. On June 11, 2010, Movants removed the matter to the United States District Court for the District of Massachusetts.

4. On June 16, 2010, Movants filed a Motion to Dismiss, which was heard on September 15, 2010. An order was entered on September 23, 2010 granting the Movants' Motion to Dismiss in its entirety. Attached hereto as <u>Exhibit B</u> is a copy of the Judgment in Movant's favor.

5. Debtor has insurance that covers some or all of the Claims against the Movants. Specifically, the Debtor holds a Directors and Officers Liability Policy No. 8208-0553 issued by Chubb & Son.

6. Upon Debtor's filing for Chapter 7 protection, any attempts to collect payment for the cost of defense relative to the Claims under the Directors and Officers Liability Policy was stayed pursuant to Bankruptcy Code § 362(a) (the "Automatic Stay").

7. The Trustee has agreed to modify the Automatic Stay, pursuant to the terms and conditions set forth below and subject to Bankruptcy Court approval, to allow the Movants to collect defense costs obtained solely from Debtor's insurer.. Attached hereto as <u>Exhibit C</u> is a copy of the Stipulation for Relief from the Automatic Stay executed by the Trustee.

## II. RELIEF REQUESTED

Modification of the Automatic Stay to permi Movants to collect defense costs solely from the proceeds of Debtor's insurance policy with Chubb & Son that provide coverage with regard to the Claims (collectively the "Insurance Policies"), to the fullest extent available under

the applicable policy; provided that such modification to the automatic stay will not result in any expense or cost to Debtor or the bankruptcy estate and provided that Debtor or the bankruptcy estate may respond, as necessary, with all rights and remedies under applicable state law, to any Claims against the Movants.

The provisions of Bankruptcy Code § 362, including without limitation, those provisions prohibiting execution, enforcement or collection of any judgment that may be obtained against the bankruptcy estate of Debtor, Debtor or from and against any assets or properties of the bankruptcy estate (as defined in section 541 of the Bankruptcy Code), shall remain in full force and effect, and neither the Movants nor any of their agents, attorneys or representatives shall take any action or attempt to cause any action to be taken to collect any portion of a defense cost of the Claims against the Directors from the assets or property of the bankruptcy estate of Debtor.

Dated: November 24, 2010

Respectfully submitted,

Katherine S. Dix
LITTLER MENDELSON, P.C.
One Tabor Center
1200 17th Street, Suite 1000
Denver, CO 80202-5835
Telephone: 303.629.6200
Facsimile: 303.629.0200

**ATTORNEYS FOR AMISH JANI, ALAN FREUDENSTEIN, AND JAMES SCHUBAUER**

## CERTIFICATE OF SERVICE

The undersigned certifies that on November 24, 2010, I served by prepaid first class mail a copy of the **MOTION FOR RELIEF FROM THE AUTOMATIC STAY** on the following:

COPAN Systems, Inc.
1900 Pike Road
Longmont, CO  80501

Theodore J. Hartl
Lindquist & Vennum PLLP
600 17th Street, Suite 1800-S
Denver, CO  80202

Joli A. Lofstedt
Chapter 7 Trustee
950 Spruce Street, Suite 1C
Louisville, CO  80027

US Trustee
999 17th Street, Suite 1551
Denver, CO  80202

Duncan E. Barber
Bieging Shapiro & Burrus LLP
4582 Ulster Street Parkway, #1650
Denver, CO  80237

Shawn Christianson
Buchalter, Nemer, Fields & Younger
333 Market Street, 25th Floor
San Francisco, CA  94105-2126

F. Brittin Clayton, III
Isaccson Rosenbaum PC
1001 17th Street, Suite 1800
Denver, CO  80202

Frank F. McGinn
Bartlett Hackett Feinberg P.C.
155 Federal Street, 9th Floor
Boston, MA  02110

Elizabeth Weller
Linebarger Goggan Blair & Sampson LLP
2323 Bryan Street, Suite 1600
Dallas, TX  75201-2691

*[signature]*

Firmwide:98794908.1 065846.1001

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.                          SUPERIOR COURT
                                                  C.A. NO.

DAVID H. DEW, II                     *
       *Plaintiff*                       *
vs.                                           *      COMPLAINT
                                              *
AMISH JANI, ALAN FREUDENSTEIN,    *
JIM SCHUBAUER                   *
       *Defendants.*                  *
                                              *

## A.    INTRODUCTORY STATEMENT

This case concerns the nonpayment of wages to the plaintiff in violation of G.L. c. 149, §148-150.

## B.    PARTIES

1. The plaintiff, David H. Dew, II ("Dew") is an individual that resides in Wellesley, Norfolk County, Massachusetts.

2. The defendant Amish Jani ("Jani") is an individual with a business address of 1221 Avenue of the Americas, 26th Floor, New York, New York 10020. Mr. Jani was, for all relevant times, a member of the Board of Directors for COPAN Systems, Inc. ("COPAN").

3. Jurisdiction over Jani is appropriate under G.L. c. 223A based on his:

    a. transacting business in this commonwealth;

    b. contracting to supply services or things in this commonwealth;

    c. causing tortious injury by an act or omission in this commonwealth;

    d. causing tortious injury in this commonwealth by an act or omission outside this commonwealth if they regularly does or solicits business, or engages in any other

1



persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this commonwealth.

4. The defendant Alan Freudenstein ("Freudenstein") is an individual with a business address of Eleven Madison Avenue, New York, New York 10010. Mr. Freudenstein was, for all relevant times, a member of the Board of Directors for COPAN Systems, Inc. ("COPAN").

5. Jurisdiction over Freudenstein is appropriate under G.L. c. 223A based on his:

   e. transacting business in this commonwealth;

   f. contracting to supply services or things in this commonwealth;

   g. causing tortious injury by an act or omission in this commonwealth;

   h. causing tortious injury in this commonwealth by an act or omission outside this commonwealth if they regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this commonwealth.

6. The defendant Jim Schubauer ("Schubauer") is an individual with a business address of 100 Motor Parkway, Suite 165, Hauppauge, New York 11788. Mr. Schubauer was, for all relevant times, a member of the Board of Directors for COPAN Systems, Inc. ("COPAN").

7. Jurisdiction over Schubauer is appropriate under G.L. c. 223A based on his:

   i. transacting business in this commonwealth;

   j. contracting to supply services or things in this commonwealth;

   k. causing tortious injury by an act or omission in this commonwealth;

   l. causing tortious injury in this commonwealth by an act or omission outside this commonwealth if they regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or

2

consumed or services rendered, in this commonwealth.

### C. FACTUAL ALLEGATIONS AND COUNTS

4. Dew was hired as Vice President of Software Development by COPAN on or about November 30, 2007 and commenced employment on January 1, 2008.

5. At the time, Dew was employed by Sun Microsystems with an annual compensation package of $250,000.00.

6. COPAN agreed to match this package and structured Dew's compensation package to consist of an annual base salary of $190,000.00 and additional compensation referred to as an MBO (management by objective) of $60,000.00 annually, to be paid quarterly.

7. Dew has consistently satisfied the goals established for measuring eligibility for his MBO payments.

8. In the first quarter of his employment, COPAN paid Dew $12,500.00 of his $15,000.00 MBO payment.

9. Since the first quarter of his employment, COPAN has failed to make the MBO payments; although there is no question they have been earned.

10. In fact, Mr. Dew's duties and responsibilities greatly expanded after his hiring.

11. COPAN owes Mr. Dew the following MBO payments: $47,500.00 for 2008; $60,000.00 for 2009; and $7,500.00 through February 15, 2010.

12. Mr. Dew has made repeated requests for his MBO payments.

13. At one point, Mr. Dew was promised that he would receive his payment as part of a financing transaction.

14. The financing transaction closed but the MBO payments were not made to Mr. Dew.

3

## COUNT I - VIOLATION G.L. c. 149, §§. 148-150 et seq.

15. The plaintiff realleges and incorporates by reference the above allegations as if they were set forth herein.

16. The MBO payments are definitely determinable, due and payable.

17. The defendants' failure to pay amounts owed constitutes a violation of G.L. c. 149, §§ 148-150 et seq.

18. Dew has been damaged by the defendants' violations of Chapter 149.

19. The violations of Chapter 149 were done knowingly, with evil motive, and/or with reckless indifference to the rights of Dew.

20. Dew has complied with the pre-suit requirements of Chapter 149 by filing a Nonpayment of Wage Complaint with the Attorney General of the Commonwealth of Massachusetts.

21. The Attorney General has authorized Dew to file immediate suit against the defendants. A copy of the letter to this effect is attached hereto as Exhibit A.

22. Jani, Freudenstein and Shubauer were, at all relevant times, acting as agents and managers of COPAN and were running COPAN.

23. Jani, Freudenstein and Schubauer, were in charge of Dew's compensation.

24. Accordingly, Jani, Freudenstein and Shubauer are deemed to be Dew's employer and are personally liable under the statute.

25. Dew is entitled to recover lost wages, attorneys' fees, costs, treble damages and interest.

## COUNT II - UNJUST ENRICHMENT/QUANTUM MERUIT

26. The plaintiff realleges and incorporates by reference the above allegations as if they were set forth herein.

27. For failing to pay sums due, the defendants have been unjustly enriched.

4

## COUNT III - BREACH OF CONTRACT

28. The plaintiff realleges and incorporates by reference the above allegations as if they were set forth herein.

29. Dew had an express or implied contract with the defendants to be paid in accordance with the law and the agreements and course of dealing with the defendants.

30. The defendants' breached their express or implied contract and Dew was thereby damaged.

## COUNT IV - BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

31. The plaintiff realleges and incorporates by reference the above allegations as if they were set forth herein.

32. The defendants breached the covenant of good faith and fair dealing owed to Dew by failing to pay him what was owed and by the other facts set forth above.

### D. PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff David H. Dew, II prays that this Court enter relief for him against the defendants as follows:

1. Judgment for the full amount of plaintiff's damages including interest at the statutory rate of 12% per annum and costs;

2. Treble damages for the violations set forth in Count I.

3. Attorneys' fees and costs.

4. For such other and further relief as this Court deems just and proper.

### F. JURY DEMAND

The plaintiff hereby demands a trial by jury for all counts so triable.

*Appearing for the Plaintiff,*
DAVID H DEW, II,

MORISI & OATWAY, P.C.

DATED: 4/20/10

Andrew C. Oatway BBO #561885
aco@morisi.com
Adam P. Whitney BBO #637777
apw@morisi.com
MORISI & OATWAY, P.C.
730 Hancock Street
Quincy, MA 02170-2723
Tel    617.479.0400
Fax    617.479.6885

6

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DAVID H. DEW, II
Plaintiff(s)

v.                                    CIVIL ACTION NO. 10-10973-GAO

AMISH JANI, ET AL
Defendant(s)

**JUDGMENT IN A CIVIL CASE**

O'TOOLE                , D.J.

X    **Decision by the Court.** This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

**IT IS ORDERED AND ADJUDGED**

Defendant's Motion to Dismiss [3] is GRANTED and the action is dismissed for lack of jurisdiction.

                                      SARAH A. THORNTON,
                                      CLERK OF COURT

Dated: 9/23/10                        By  /s/ Paul Lyness
                                          Deputy Clerk

(JudgementCivil.wpd - 3/7/2005)

EXHIBIT B

## STIPULATION

This STIPULATION is entered into on this ___ day of _____ by and between Joli A. Lofstedt (the "Trustee") of the bankruptcy estate of COPAN Systems, Inc. ("Debtor") and Amish Jani, Alan Freudenstein, and James Schubauer, II (the "Directors") (Trustee and the Directors may be referred to herein collectively as the "Parties" or individually as a "Party").

## RECITALS

A. On May 18, 2010, David H. Dew, a former employee of Debtor, filed a Compliant in the Norfolk Superior Court for the Commonwealth of Massachusetts (the "Claims"). This Complaint sought to hold Amish Jani, Alan Freudenstein, and James Schubauer, former Directors of the Debtor, personally liable for payment of wages allegedly due to Dew based on their status as board members of Debtor.

B. Debtor has insurance that covers some or all of the Claims against the Directors. Specifically, the Debtor holds a Directors and Officers Liability policy No. 8208-0553 issued by Chubb & Son.

C. Upon Debtor's filing for Chapter 11 protection, any attempts to collect payment for the cost of defense relative to the Claims under the Directors and Officers Liability policy was stayed pursuant to Bankruptcy Code § 362(a) (the "Automatic Stay").

D. After discussions with the Directors regarding the Claims, the Trustee has entered into this Stipulation whereby she has agreed to modify the Automatic Stay, pursuant to the terms and conditions set forth below and subject to Bankruptcy Court approval, to a modification of the Automatic Stay to allow the Directors to defend the Claims against them to settlement or final judgment and to collect any defense costs, settlement or final judgment obtained solely from Debtor's insurer or insurers.

## AGREEMENT

**NOW THEREFORE**, in consideration of the foregoing and the mutual covenants contained herein, the Parties agree as follows:

1. **Bankruptcy Court Approval.** This Stipulation is subject to, and shall not become effective, until it is approved by written Order of the United States Bankruptcy Court for Colorado in Debtor's main bankruptcy case. If the Bankruptcy Court fails to enter an Order approving the material terms and conditions of this Stipulation, this Stipulation shall be null and void and have no further force and effect.

2. **Modification of Automatic Stay.** Upon approval of this Stipulation, the Automatic Stay shall be modified solely to the extent of permitting the Directors to: (a) defend to settlement or judgment the Claims against Directors; and (b) collect on any such defense costs, settlement or judgment solely from the proceeds of Debtor's insurance policy with Chubb & Son and/or other insurance carriers, if any, that provide coverage with regard to the Claims (collectively the "Insurance Policies"), to the fullest extent of the settlement or judgment as may be available under the applicable policy; provided that such modification to the automatic stay



will not result in any expense or cost to Debtor or the bankruptcy estate and provided that Debtor or the bankruptcy estate may respond, as necessary, with all rights and remedies under applicable state law, to any Claims against the Directors.

3. **Scope of Stay Relief**. Except to the extent expressly set forth in this Stipulation, the provisions of Bankruptcy Code § 362, including without limitation, those provisions prohibiting execution, enforcement or collection any judgment that may be obtained against the bankruptcy estate of Debtor, Debtor or from and against any assets or properties of the bankruptcy estate (as defined in section 541 of the Bankruptcy Code), shall remain in full force and effect, and neither Directors nor any of their agents, attorneys or representatives shall take any action or attempt to cause any action to be taken to collect any portion of a defense cost, settlement or judgment of the Claims against the Directors from the assets or property of the bankruptcy estate of Debtor.

4. **Voluntary Agreement.** Each Party hereto represents and warrants that the Party has consulted with and relied upon legal counsel of the Party's choosing concerning the terms and consequences of this Stipulation. Each Party hereto further represents and warrants that the Party is relying solely upon the Party's own investigation, knowledge, information, belief and judgment of the advice of such Party's own counsel, and not upon any statements, opinions or representations of any other Party hereto or such other Party's attorneys, employees, agents, officers or directors, in settling their claims and executing and delivering this Stipulation.

5. **Governing Law and Forum.** This Stipulation shall be governed by and construed in accordance with the laws of the state of Colorado, without regard to its internal choice of law rules.

6. **Binding Nature.** Upon execution of this Stipulation, the Stipulation shall be binding upon and inure to the benefit of the Parties hereto and their respective heirs, successors and assigns.

7. **Paragraph Headings.** The section and paragraph headings contained in this Stipulation are for reference purposes only and shall not affect in any way the meaning or interpretation of this Stipulation.

8. **Expenses.** Each Party shall pay the Party's own expenses, including fees of its/his respective attorneys, accountants and consultants in connection with this matter.

9. **No Admission.** This Stipulation is being entered into solely as a settlement of claims, and does not represent an admission by the Parties hereto of any liability with respect to the claims and/or defenses asserted or which could be asserted in any adversary proceeding.

10. **Counterparts.** This Stipulation may be executed in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

3. **Facsimile Signature.** This Stipulation may be executed by facsimile signature which shall be deemed an original.

**WHEREFORE**, the Parties have executed this Stipulation as of the date set forth above.

AMISH JANI, ALAN FREUDENSTEIN,
AND JAMES SCHUBAUER,

By their attorney,

_____     11/10/2010
Paula E. Steele                                        Date
LITTLER MENDELSON, P.C.


The Trustee

_____     11-12-10
Joli A. Lofstedt, Esq.,                              Date
Connolly, Rosania & Lofstedt, P.C.


Firmwide:97395321.1 065846.1000

3

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: | Case No. 10-14192 MER |
| COPAN SYSTEMS, INC., <br> EIN: 47-0854251 | Chapter 7 |
| Debtor. | |

## NOTICE OF HEARING ON MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND OPPORTUNITY FOR HEARING PURSUANT TO 11 U.S.C. §362(d)

### OBJECTION DEADLINE: December 15, 2010

YOU ARE HEREBY NOTIFIED that a Motion for Relief from the Automatic Stay, a copy of which is herewith served upon you, has been filed with this Court. A hearing on this motion has been set for **December 22, 2010 at 9:30 a.m.**, in **Courtroom D**, located at **721 19th Street, Denver, Colorado**. The hearing will be conducted in accordance with the provisions of Local Bankruptcy Rule 4001.

If you desire to oppose this Motion, you are required to file with this Court and serve upon Katherine S. Dix of the law firm of Littler Mendelson, P.C., whose address is 1200 17th Street, Suite 1000, Denver, CO 80202-5835, as counsel for the Movants Amish Jani, Alan Freudenstein, and Jim Schubauer, a written response to the motion on or before seven days prior to the date of hearing.

If you fail to file a response, an Order granting the relief requested will be granted without further notice to you.

Dated: November 24, 2010

Respectfully submitted,

*/s/ Katherine S. Dix*

Katherine S. Dix
LITTLER MENDELSON, P.C.
One Tabor Center
1200 17th Street, Suite 1000
Denver, CO 80202-5835
Telephone: 303.629.6200
Facsimile: 303.629.0200

**ATTORNEYS FOR AMISH JANI, ALAN FREUDENSTEIN, AND JAMES SCHUBAUER**

## CERTIFICATE OF SERVICE

The undersigned certifies that on November 24, 2010, I served by prepaid first class mail a copy of the **NOTICE OF HEARING MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND OPPORTUNITY FOR HEARING PURSUANT TO 11 U.S.C. §362(D)** on the following:

COPAN Systems, Inc.
1900 Pike Road
Longmont, CO 80501

Theodore J. Hartl
Lindquist & Vennum PLLP
600 17th Street, Suite 1800-S
Denver, CO 80202

Joli A. Lofstedt
Chapter 7 Trustee
950 Spruce Street, Suite 1C
Louisville, CO 80027

US Trustee
999 17th Street, Suite 1551
Denver, CO 80202

Duncan E. Barber
Bieging Shapiro & Burrus LLP
4582 Ulster Street Parkway, #1650
Denver, CO 80237

Shawn Christianson
Buchalter, Nemer, Fields & Younger
333 Market Street, 25th Floor
San Francisco, CA 94105-2126

F. Brittin Clayton, III
Isaccson Rosenbaum PC
1001 17th Street, Suite 1800
Denver, CO 80202

Frank F. McGinn
Bartlett Hackett Feinberg P.C.
155 Federal Street, 9th Floor
Boston, MA 02110

Elizabeth Weller
Linebarger Goggan Blair & Sampson LLP
2323 Bryan Street, Suite 1600
Dallas, TX 75201-2691

Firmwide:98795367.1 065846.1001